**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| Greg Moreland, ) | C/A No. 4:08-3902-CMC-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **OPINION & ORDER** |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner

of Social Security denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and

Supplemental Security Income ("SSI"). Plaintiff appealed pursuant to 42 U.S.C. §§ 405(g) and

1383(c)(3). The matter is currently before the court for review of the Report and Recommendation

("Report") of Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. §

636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C.

The Magistrate Judge makes only a recommendation to this court. The recommendation has

no presumptive weight, and the responsibility to make a final determination remains with the court.

*Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination

of those portions of the Report to which specific objection is made, and the court may accept, reject,

or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter

to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear

error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d

310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need

not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the

face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The Report was filed on February 12, 2010, and recommends that the decision of the Commissioner be reversed and the case remanded to the Commissioner for further proceedings. Specifically, the Report recommends that the case be remanded (1) to reconsider the medical opinions of Plaintiff's treating physician; and (2) to properly analyze the credibility of Plaintiff's subjective complaints in light of the medical evidence. No objections have been filed.[1]

After reviewing the record, the applicable law, and the findings and recommendations of the Magistrate Judge, the court finds no clear error. Accordingly, the Report is adopted and incorporated by reference. For the reasons set forth therein, the decision of the Commissioner is reversed and the case is remanded to the Commissioner pursuant to sentence four of 42 U.S.C. §§ 405(g) for further action consistent with the directions in the Report and Recommendation as here incorporated.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 12, 2010

---

[1] On February 23, 2010, Defendant notified the court that he would not file objections to the Report. Dkt. No. 26.