**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Greg Moreland, | ) C/A No. 4:08-3902-CMC-TER |
| Plaintiff, | ) |
| | ) **OPINION & ORDER** |
| v. | ) |
| Michael J. Astrue, | ) |
| Commissioner of Social Security Administration, | ) |
| Defendant. | ) |

    Through this action, Plaintiff challenged the Commissioner's denial of Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). On March 12, 2010, the court adopted the Report & Recommendation ("Report") of Magistrate Judge Thomas E. Rogers in full and remanded this matter to the Commissioner for further review. This matter is now before the court on Plaintiff's petition for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. For the reasons set forth below, the court grants Plaintiff's motion for attorney's fees in the amount of $3,443.13, representing 5.25 attorney hours at the rate of $175.00 per hour and 28.85 legal assistant/paralegal hours at the rate of $87.50 per hour.

**BACKGROUND**

    On June 4, 2010, Plaintiff filed a petition for an award of $5,210.63 in attorney's fees, representing 26.45 attorney hours at a rate of $175.00 per hour and 6.65 paralegal hours at a rate of $87.50 per hour (one-half the attorney hourly rate). The 26.45 attorney hours included 4.25 hours for work performed by attorney Paul T. McChesney and 22.2 hours for work performed by David S. Tillett, a legal assistant. Dkt. No. 28. On June 21, 2010, the Commissioner filed an objection to the petition, making two arguments. First, the Commissioner maintains that his position in the

litigation was substantially justified, and accordingly, no fees should be awarded. In the alternative, the Commissioner contends that the amount of fees sought is unreasonable for two reasons: (1) Plaintiff requests $175.00 per hour, the attorney rate, for the work of a legal assistant; and (2) Plaintiff requests compensation for an unreasonable number of attorney hours for reviewing a three-sentence reply brief and a four-paragraph court order. Dkt. No. 31. The Commissioner argues, therefore, that if fees are awarded, they should be no greater than $3,093.13 to reflect the appropriate hourly rate for Mr. Tillett and a reasonable number of hours for Mr. McChesney. On June 30, 2010, Plaintiff filed a reply brief which argues that the Commissioner's litigation position was not substantially justified, but which also concedes both errors in calculating the proposed attorney fee award. Yet in addition, Plaintiff now requests an additional award of $962.50 for replying to the Commissioner's objection, representing four attorney hours and three paralegal hours. Plaintiff requests a total fee award of $4,055.63. Dkt. No. 32 at 9.

## STANDARD

Under the EAJA, a court shall award reasonable attorney's fees to a prevailing party in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A) (2006). The government has the burden of proving that its position was substantially justified. *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991). "The government's position must be substantially justified in both fact and law." *Thompson v. Sullivan*, 980 F.2d 280, 281 (4th Cir. 1992). Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotations omitted). When determining

2

whether Defendant's position was substantially justified, the court should avoid an issue-by-issue analysis and should consider the totality of the circumstances. *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 138-39 (4th Cir. 1993). The district court has broad discretion to set the amount of attorney's fees awarded. "[A] district court will always retain substantial discretion in fixing the amount of an EAJA award. Exorbitant, unfounded, or procedurally defective fee applications . . . are matters that the district court can recognize and discount." *Comm'r v. Jean*, 496 U.S. 154, 163 (1990); *see also May v. Sullivan*, 936 F.2d 176, 177 (4th Cir. 1991) ("The district courts have discretion to determine a reasonable fee award, and we will reverse such decisions only for abuse of that discretion.").

## DISCUSSION

**Substantial Justification: Treating Physician's Opinion.** The Commissioner argues that his position, although unpersuasive to the court, was nonetheless substantially justified. First, the Commissioner contends that it was reasonable for the ALJ to discount the medical opinion of Plaintiff's treating physician, Dr. Ortolani, because the physician's opinion that Plaintiff had a disabling limitation was inconsistent with his own treatment notes and with other portions of the medical record, and was not adequately explained. Dkt. No. 31 at 3. However, the Report concluded, and this court agreed, that Dr. Ortolani's medical opinion regarding Plaintiff's disabling conditions was not inconsistent with his treatment notes, nor with the other medical evidence. The ALJ took Dr. Ortolani's treatment notes out of context and failed to acknowledge that the entire medical record supports Dr. Ortolani's finding that Plaintiff cannot walk without an assistive device and needs knee surgery, neck surgery, and hand surgery. *See* Dkt. No. 24 at 7-8. The Commissioner did not object to the reasoning or recommendation of the Report.

3

The court finds that the Commissioner's position as to Dr. Ortolani's opinions was not substantially justified. It was not reasonable for the Commissioner to defend the ALJ's discounting and misinterpretation of Dr. Ortolani's treatment notes, particularly when the treatment notes of Dr. Barber, the consultative examining physician, were largely supportive of Dr. Ortolani's opinions.

**Substantial Justification: Credibility Determination.** The Commissioner also argues that his position on Plaintiff's credibility was substantially justified. He maintains that it was reasonable for the ALJ to discredit Plaintiff's subjective complaints, and for the Commissioner to defend that determination. The undersigned disagrees.

It is well-established that, if the ALJ chooses to reject a claimant's subjective reports of pain or physical disability, the ALJ must explain the basis for this rejection and must "refer specifically to the evidence informing the . . . conclusion." *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985); *see also Hatcher v. Secretary, HHS*, 898 F.2d 21, 23 (4th Cir. 1989). This explanation must be "supported by the evidence in the case record, and . . . sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p.

In this case, the ALJ's reasons for his negative credibility determination were inadequately explained. The ALJ asserted, with little elaboration, that the Plaintiff's subjective reports were inconsistent with the objective medical evidence. However, several aspects of the medical evidence, including reports of both Dr. Ortolani and Dr. Barber, supported Plaintiff's claims. *See* Report at 10-12. The Commissioner's brief in response to Plaintiff's petition for attorney's fees identifies several alleged inconsistencies between Plaintiff's subjective complaints and the medical evidence. Dkt. No. 31 at 4-5. However, to the extent inconsistencies are present, they were neither identified nor explained in the ALJ's decision. Although inconsistencies may constitute a legitimate basis for

4

discrediting a claimant's subjective reports of pain or disability, "it is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms." SSR 96-7p.

The court is particularly concerned by the ALJ's determination that Plaintiff can perform light work despite Dr. Barber's findings that Plaintiff has limited ability to walk and stand for long periods of time, limited ability to lift and carry heavy objects, no ability to walk without an assistive device, and difficulty standing. The Commissioner's own definition of "light work" explains that "a job is in [the light work] category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. *To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.*" 20 C.F.R. § 404.1567(b) (emphasis added); *see also* Report at 12. It was unreasonable for the Commissioner to defend the ALJ's determination that Plaintiff could do light work, given that the medical evidence overwhelmingly indicated that he cannot perform such work as defined under Social Security regulations. Accordingly, the court concludes that the Commissioner's position was not substantially justified and turns to the question of whether the amount Plaintiff seeks in attorney's fees is reasonable.

**Fees for Litigation and Initial Attorney-Fee Petition.** Plaintiff has conceded that the initial fee request contained significant errors, including the request of the attorney hourly rate for Mr. Tillett and an unreasonable amount of attorney time for Mr. McChesney. Thus, Plaintiff now requests $3,093.13 in attorney's fees for the litigation and for filing of the initial attorney fee petition, which includes 3.25 attorney hours at the rate of $175.00 per hour for Mr. McChesney and 28.85 paralegal hours at the rate of $87.50 per hour, including 22.20 hours for the work of Mr. Tillett

5

and 6.65 hours for the work of unnamed paralegals. Dkt. No. 32 at 9; *see also* Dkt. No. 31 at 5-8 (brief of Comm'r) ("If the Court awards fees, the total award should be reduced from $5,210.63 to $3,903.13 . . . .").

The court has reviewed these requests and finds the revised amounts sought for Mr. McChesney and Mr. Tillett reasonable. However, the court notes that nearly half of the 6.65 unnamed paralegal hours were expended to prepare the initial EAJA fee petition, and no attorney time was expended in the preparation of this document. *See* Dkt. No. 30-2 at 2 (indicating that, on May 21, 2010, Mr. McChesney's paralegal spent 3.00 hours drafting an EAJA motion and supporting documents); *see also id.* (showing that Mr. McChesney did not record time for drafting, reviewing, or otherwise working on the EAJA petition). The initial EAJA petition which, based on the affidavits, appears to have been completely drafted by Mr. McChesney's paralegal, contains obvious deficiencies which suggest that three paralegal hours may not have been a reasonably necessary time expenditure to prepare this document. The court therefore reduces the number of total paralegal hours, including the work of Mr. Tillett and unnamed paralegals, from 28.85 to 27.35. This total reflects a 50% deduction from the initial request of three paralegal hours for drafting the EAJA petition. Accordingly, the court awards Plaintiff $2,961.88, representing 3.25 attorney hours at $175.00 per hour and 27.35 paralegal hours at $87.50 per hour.

**Fees for Reply Brief.** Plaintiff's reply to the Commissioner's objection to the EAJA attorney-fee petition has two purposes: (1) rebutting the Commissioner's substantial justification argument; and (2) conceding the calculation errors in the initial petition for attorney's fees. Plaintiff requests an additional award of $962.50 for preparation of this reply, representing four attorney hours and three paralegal hours.

6

The court finds the amount sought for the reply unreasonable in two respects. First, Plaintiff is seeking compensation for a combined total of seven hours for work on the reply brief, while Plaintiff's paralegal expended only three hours on the initial petition.[1] Second, Plaintiff seeks compensation for four attorney hours spent to prepare the reply brief – a greater number of hours than Mr. McChesney spent working on all other aspects of the appeal combined. The legal issues addressed in the reply brief, including the substantial justification issue, are not sufficiently complex to justify such a significant time expenditure in comparison to other aspects of the litigation. *See Caldwell v. Astrue*, 518 F. Supp. 2d 777, 779 (D.S.C. 2007); *Bunn v. Bowen*, 637 F. Supp. 464, 467 (E.D.N.C. 1986) ("The reasonableness of the hours expended in a particular case depends upon the complexity of the case, the number of reasonable strategies pursued, and the responses necessitated by the tactics of the opponent."). Accordingly the court, in its discretion, reduces the amount awarded for preparation of the reply brief by 50% to $481.25, representing two attorney hours at the rate of $175.00 per hour and 1.5 paralegal hours at the rate of $87.50 per hour.

**CONCLUSION**

---

[1] In assessing the reasonableness of the total time expended on the brief, it is notable that the brief does not discuss whether the Commissioner's position on Plaintiff's credibility was substantially justified. It discusses only whether the Commissioner's position on Dr. Ortolani's opinion was substantially justified, just one of the two critical findings addressed in the Report. Indeed, the brief explicitly states that "[t]here is no need to address this [credibility] issue, since fees are payable for the entire litigation if even one finding is not substantially justified." Dkt. No. 32 at 8. While this may be true, the Commissioner has argued that both positions were substantially justified, and Plaintiff's brief did not fully respond to this argument. In addition, the court notes that less than three pages of the ten-page brief analyze whether the Commissioner's position on Dr. Ortolani's opinion was substantially justified; most of the brief explains the legal standard for substantial justification only in general terms. The contents of the brief suggest that only minimal time was spent preparing it. *Compare id.* at 6-8 *with id.* at 2-5.

For the reasons set forth above, the court finds that the Commissioner's position was not substantially justified and Plaintiff is entitled to attorney's fees under the EAJA. The court awards Plaintiff a total of $3,443.13 in attorney's fees, representing 5.25 attorney hours and 28.85 paralegal hours.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 16, 2010